PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER JOHNSON, | ) | |
| | ) | CASE NO. 5:25-cv-1571 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| AFFORDABLE CARE, LLC, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** |
| | ) | [Resolving ECF Nos. 4, 5, and 7] |

Pending before the Court is Plaintiff's Motion to Remand. ECF No. 4. Also pending is Defendants' Motion to Drop Improperly Joined Party, Brian Redditt. ECF No. 5. Plaintiff opposed Defendants' motion. ECF No. 6. Defendants submitted a Memorandum Opposing Plaintiff's Motion to Remand and Motion for Leave to File a Reply in Support to Defendants' Motion to Drop Improperly Joined Party (ECF No. 7), requesting the Court construe the opposition brief as a reply in support of the Motion to Drop Brian Reddit. Defendants' Motion for Leave (ECF No. 7) is granted, and the Court will construe Defendants' opposition brief as a reply in support of Defendants' Motion to Drop Brian Redditt (ECF No. 5). The Court has been advised, having reviewed the record, the parties' briefs, and the applicable law. For the reasons set forth herein, Defendants' Motion to Drop Brian Redditt (ECF No. 5) is denied. Plaintiff's Motion to Remand (ECF No. 4) is granted for lack of diversity.

(5:25CV1571)

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Jennifer Johnson filed several claims against Defendant Affordable Care, LLC ("Affordable Care") for disability discrimination, failure to accommodate, and wrongful termination in the Summit County Court of Common Pleas (No. CV-2025-06-2871). ECF No. 1-2. She also filed a claim for aiding, abetting, and inciting discrimination against Dr. Brian Redditt ("Dr. Redditt"), whom she claims is employed by Affordable Care. ECF No. 1-2.

According to the Complaint, Plaintiff was employed by Defendants as a receptionist at Affordable Dentures & Implants. ECF No. 1-2 at PageID ##: 14-15. Plaintiff alleges she is prediabetic and needs to eat throughout the day to manage her condition. ECF No. 1-2 at PageID #: 15. Initially, she was permitted to keep snacks at her desk but was eventually told that doing so was a health and safety hazard. ECF No. 1-2 at PageID #: 15. Plaintiff requested two reasonable accommodations, which Defendants denied. ECF No. 1-2 at PageID #: 15. Then, in May 2024, Plaintiff notified Dr. Redditt that another doctor was leaving work to complete personal errands while his patients were being cared for by medical assistants. ECF No. 1-2 at PageID ##: 16-17. Shortly thereafter, Dr. Redditt terminated Plaintiff's employment without explanation.

Defendants contend that Plaintiff's actual employer was Affordable Dentures – Akron, Brian Reddit, DMD, Inc. (the "Practice"), which contracted with Affordable Care, a third-party independent contractor, to provide nonclinical administrative support. ECF No. 1 at PageID #: 2; ECF No. 5 at PageID # 59. Although Defendants argue that Affordable Care has no ownership interest in the Practice, they acknowledge that Dr. Redditt is the Practice owner. ECF

2

(5:25CV1571)

No. 5 at PageID #: 59; ECF No. 7 at PageID #: 92. Defendants timely removed the case to federal court alleging diversity jurisdiction. ECF No. 1.

Affordable Care is a North Carolina limited liability company (ECF No. 4 at PageID #: 58) and Dr. Redditt is a citizen and resident of Ohio. ECF No. 1-2 at PageID #: 14. Defendants moved to drop Dr. Redditt as a fraudulently joined party, claiming that: (1) neither Defendant was Plaintiff's actual employer; (2) even considering Dr. Redditt's ownership interest in the Practice, he cannot "aid and abet" himself; and (3) even if the Practice were properly named, Dr. Redditt, as the owner, cannot be liable for aiding and abetting himself or his own company. ECF No. 5 at PageID ##: 64-65.

## II.     STANDARD OF REVIEW

A party may remove an action from state court if the federal court to which the action is removed would otherwise have had original jurisdiction. 28 U.S.C. § 1441(a). In a case alleging diversity jurisdiction, the Court has subject matter jurisdiction when the citizenship of the parties are sufficiently diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "Under [§ 1332], there must be complete diversity such that no plaintiff is a citizen of the same state as any defendant." See V & M Star, LP v. Centimark Corp., 596 F.3d 354, 355 (6th Cir. 2010)(citing Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005)).

Defendants who remove cases to federal court based solely on diversity jurisdiction "may avoid remand only by demonstrating that [a] non-diverse party was fraudulently joined." Jerome–Duncan, Inc. v. Auto–By–Tel, L.L.C., 176 F.3d 904, 907 (6th Cir. 1999). The removing party bears the burden of clearly establishing that the plaintiff cannot recover "under the law of the state on the cause alleged or on the facts in view of the law." Alexander v. Elec. Data Sys. Corp., 13 F.3d 940, 949 (6th Cir. 1994) (citation omitted); see also Walker v. Philip Morris USA,

(5:25CV1571)

*Inc.*, 443 F. App'x 946, 954–55 (6th Cir. 2011). When ruling on a motion to remand involving fraudulent joinder allegations, the Court must evaluate all factual allegations in the light most favorable to the plaintiff, including "summary-judgment-type evidence" such as affidavits. *Walker*, 443 F. App'x at 954. The analysis of a motion to remand is "similar to, but more lenient than, the analysis applicable to a Rule 12(b)(6) motion to dismiss." *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 432–33 (6th Cir. 2012) (citing *Walker*, 443 F. App'x. at 952–54).

## III. DISCUSSION

The issue in this case is whether Dr. Redditt was properly joined as a defendant, and, in particular, whether Plaintiff can recover against him for aiding and abetting discrimination under Ohio law. Plaintiff argues that Ohio Rev. Code § 4112.02(J) provides liability for individuals, including managers and supervisors, for aiding and abetting employment discrimination. ECF No. 4. Defendants retort that Dr. Redditt cannot be liable for aiding and abetting under Ohio law because Defendants were not Plaintiff's employers and, even considering Dr. Redditt's ownership interest in her actual employer, a corporate entity cannot aid and abet itself. ECF No. 5 at PageID ##: 64-65. As explained below, Plaintiff's argument is persuasive.

### A. Ohio Employment Discrimination Statute

Under Ohio law:

> [N]o person has a cause of action or claim based on an unlawful discriminatory practice as described in division (A)(24)(a) of section 4112.01 of the Revised Code against a supervisor, manager, or other employee of an employer *unless* that supervisor, manager, or other employee is the employer. Nothing in this division abrogates statutory claims outside this chapter or any claims of liability that exist against an individual at common law.

Ohio Rev. Code § 4112.08(A) (emphasis added). "Unlawful discriminatory practice" is defined as:

4

(5:25CV1571)

> (a) An unlawful discriminatory practice that is prohibited by division (A), (B), (C), (D), (E), or (F) of section 4112.02 of the Revised Code;
>
> (b) An unlawful discriminatory practice that is prohibited by division (I) or (J) of section 4112.02 of the Revised Code that is related to employment.

Ohio Rev. Code § 4112.01(A)(24). Chapter 4112 defines "employer," in relevant part, as a person employing four or more persons, and any agent of a person. Ohio Rev. Code § 4112.01(A)(2). "Employee" is defined as "an individual employed by any employer." Ohio Rev. Code § 4112.01(A)(3). "Person" is defined, in relevant part, as "one or more individuals, ... corporations, legal representatives, ... and other organized groups of persons" and "also includes, but is not limited to, any owner, ... agent, employee." Ohio Rev. Code § 4112.01(A)(1). In short, individual managers, supervisors, and employees are not liable for employment discrimination under § 4112.02(A)–(F) unless that individual is the employer. *See Spahija v. Rae-Ann Holdings, Inc.*, No. 1:22-cv-1986, 2022 WL 17993026, at *3 (N.D. Ohio Dec. 29, 2022) ("Section 4112.08(A) does not preclude claims . . . against supervisors, managers or employees who are the employer.")

Individuals may, however, be liable for employment discrimination and retaliation under Ohio Rev. Code § 4112.02(J), which prohibits

> any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, to obstruct or prevent any person from complying with this chapter or any order issued under it, or to attempt directly or indirectly to commit any act declared by this section to be an unlawful discriminatory practice.

Ohio Rev. Code § 4112.02(J). To survival dismissal of a claim pursuant to § 4112.02(J), a plaintiff must sufficiently plead that the individual defendant facilitated, was involved in,

5

(5:25CV1571)

or actually made the discriminatory decision or action in question.  *Gravely v. Thiel*, No. 1:22-cv-1588, 2023 WL 6049323, at *5 (N.D. Ohio Sept. 15, 2023) (citing *Chulsky v. Golden Corral Corp.*, 583 F. Supp. 3d 1059, 1088 (S.D. Ohio 2022)); *Glass v. Tradesmen Int'l, LLC*, 505 F. Supp. 3d 747, 761–62 (N.D. Ohio 2020) (collecting cases); *see Hauser v. Dayton Police Dep't*, 140 Ohio St.3d 268, 2014-Ohio-3636, ⁋ 12 (Ohio 2014) (holding that employees may be liable for their participation in discriminatory employment practices).

### B. Aiding and Abetting Liability Under State Law

Defendants argue that Plaintiff has no colorable claims against Dr. Redditt under § 4112.02(J) because: (1) neither he nor Affordable Care were Plaintiff's employer; (2) Dr. Redditt, as owner of the Practice (*i.e.*, Plaintiff's actual employer), cannot aid and abet himself; and (3) amending the Complaint to include the Practice precludes liability for aiding and abetting for the same reason.  ECF No. 7 at PageID ##: 100-01.

Defendants point to *O'Neill v. Scripps Media, Inc.* to support their claim that Dr. Redditt cannot be liable under § 4112.02(J), even if the Practice were properly named, because an owner may not aid and abet himself or his company.  No. 1:23-cv-410, 2024 WL 836955 (S.D. Ohio Feb. 28, 2024); ECF No. 5 at PageID ##: 64-65.  In *O'Neill*, the plaintiff brought employment discrimination claims against her former employer, WCPO-TV, and its parent corporation, E.W. Scripps Company.  *Id*. at *1.  The court first concluded that parent companies are not responsible for a subsidiary's Title VII violation absent special circumstances demonstrating the parent company is jointly responsible for the discriminatory conduct.  *Id*. at *4.  Because the court found there were insufficient facts demonstrating that the parent company supervised the subsidiary's employees, hiring practices, work assignments, or other day-to-day activities, it

6

(5:25CV1571)

dismissed the parent company from the action. *Id*. After dismissing the parent company, only WCPO-TV remained and the court dismissed the plaintiff's aiding and abetting claim, explaining that "a corporate entity may not aid and abet itself in discriminating against a plaintiff." *Id*. at *4 (internal citations and quotations omitted).

The present case is distinguishable because, unlike in *O'Neill*, which did not involve claims against individual managers or supervisors, Plaintiff alleges that Dr. Redditt, not the company, aided and abetted discriminatory employment actions against her. ECF No. 4. Individual supervisors, managers, or employees who facilitate, are involved in, or actually make discriminatory decisions may be liable under § 4112.02(J). *See, e.g., Gravely*, 2023 WL 6049323, at *5; *see also Hauser*, 2014-Ohio-3636 at ¶ 12 (Ohio) (holding that employees may be liable for their participation in discriminatory employment practices). The Complaint sufficiently pleads that it was Dr. Redditt who terminated Plaintiff's employment and, thereby, facilitated the employer's alleged discrimination against Plaintiff. ECF No. 1-2 at PageID #: 17, ¶¶ 51–52.

That Plaintiff may have named the wrong corporate entity does not change this analysis.[1] Neither does Dr. Redditt's ownership interest in the Practice (*i.e.*, Plaintiff's actual employer) preclude him from liability under § 4112.02(J). *See* ECF No. 1 at PageID #: 4, ¶ 27. Other Ohio district courts have considered and rejected similar arguments

---

[1] Aside from a position statement submitted to the Ohio Civil Rights Commission (which does not include any exhibits or supporting documentation), Defendants do not offer any evidence (*e.g.*, agreements or affidavits) demonstrating Affordable Care was merely a third-party contractor. ECF No. 5-1; *see Casias*, 695 F.3d at 433 ("As appropriate, we may . . . consider summary judgment evidence, such as affidavits presented by the parties."). Regardless, the question of whether Affordable Care is a proper party is not pending before the Court, and it declines to make such a determination.

7

(5:25CV1571)

concerning liability for business owners and supervisors. For example, in *Argyriou v. David A. Flynn, Inc.*, the plaintiff brought discrimination claims against a car dealership and its eponymous owner. No. 4:19-cv-1878, 2021 WL 766865, at *1 (N.D. Ohio Feb. 26, 2021). At summary judgment, the court determined a reasonable fact finder could conclude that the dealership owner was liable under § 4112.02(J) because of his relationship with "his company, and because he was the individual who terminated [the plaintiff]." *Id*. at *15. *See Spahija*, 2022 WL 17993026, at *3 (holding that individual, managers, supervisors, and decision-makers involved in an employer's discriminatory conduct or actions may be liable under § 4112.02(J)).

Similarly, here, Dr. Redditt's ownership interest in the Practice (if it is indeed Plaintiff's actual employer) does not preclude liability under § 4112.02(J). Rather, his relationship to the Practice—and the fact that he was the one who terminated Plaintiff's employment (ECF No. 1-2 at PageID #: 17, ¶¶ 51-52)—could permit a reasonable fact finder to conclude he aided and abetted the Practice in discrimination against Plaintiff. *See Argyriou*, 2021 WL 766865 at *15. Furthermore, that Dr. Redditt owns the Practice could permit Plaintiff to recovery against him as an employer, not merely an aider and abettor. *See Spahija*, 2022 WL 17993026, at *3 ("Section 4112.08(A) does not preclude claims . . . against supervisors, managers or employees who are the employer.")

Because Defendants have not met their burden to demonstrate Plaintiff cannot recover against Dr. Redditt for aiding, abetting, or inciting employment discrimination against her, Dr. Redditt is a proper party. Accordingly, the Court lacks subject matter jurisdiction for want of diversity.

8

(5:25CV1571)

## IV. CONCLUSION

For the reasons stated above, Defendants' Motion to Drop Improperly Joined Party, Dr. Brian Redditt ([ECF No. 5](#)) is denied.  Plaintiff's Motion to Remand ([ECF No. 4](#)) is granted.  The action is remanded to the Summit County Court of Common Pleas.

IT IS SO ORDERED.

| | |
|---|---|
| October 21, 2025 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson<br>United States District Judge |